## <u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Special Agent Zachary Adams, being duly sworn, hereby depose and state that the following is true to the best of my information, knowledge, and belief:

## INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant, Zachary Adams, is a Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, Colorado Springs, Colorado. Your Affiant is an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in the United States Code.

2. Your Affiant has been an ATF Special Agent for over two years. Your Affiant is a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the ATF National Academy's Special Agent Basic Training. Your Affiant's primary duties consist of the enforcement of federal firearms laws, armed narcotics trafficking, and conspiracy laws. Your Affiant has participated in numerous federal firearms and narcotics investigations as an ATF Special Agent in which narcotics and firearms used in violation of federal law have been recovered. Your Affiant also conducted and/or participated in such investigations as a sworn police officer in the State of Illinois. Prior to becoming an ATF Special Agent, Your Affiant was a Police Officer with the Chicago Police Department in Chicago, IL for over three and a half years. As a Police Officer, Your Affiant was assigned to a patrol team in the Bureau of Patrol. Your Affiant's duties involved responding to calls for service, crowd and event management and police response, and proactive policing. Prior to and during Your Affiant's time as a sworn Police Officer and Special Agent, Your Affiant has been an enlisted member of the United States Army Reserves since 2011.

3.  This affidavit is intended to set forth probable cause in support of the criminal complaint and arrest warrant and does not purport to set forth each and every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause to believe that Darrell Keith LANDREAU has violated Title 18, United States Code, Section 922(g)(1), possession of a firearm and/or ammunition by a previously convicted felon.

## INVESTIGATION BACKGROUND

4.  In October, 2023, the ATF Colorado Springs Field Office (CSFO) began an investigation into Tabitha WATKINS (DOB: 08/23/1989). This was initiated based on notification that a firearm had been recovered on 10/18/2023 in Juarez, Mexico during a search related to an investigation into cartel activity. The recovered firearm is described as a Pioneer Arms Corp., Hellpup, 7.62 x 39 caliber, AK-style pistol bearing serial number PAC1133569 ("Firearm #1"). International authorities and ATF personnel located in Mexico conducted a trace of Firearm #1. That trace showed that on 05/04/2023 WATKINS purchased Firearm #1 at Acme Pawn East, a Federal Firearms Licensee (FFL), located in Colorado Springs, CO. The purchase date and recovery date result in a time to crime (the number of days between the date of original purchase or acquisition of the firearm and the date it was recovered by law enforcement) of 167 days.

5.  Your Affiant queried law enforcement databases prior to contact with WATKINS and learned that WATKINS had purchased at least ten (10) firearms between 07/21/2022 and 08/28/2023. At a later point in this investigation, the execution of various search warrants would inform investigators that the total number of firearms purchased by WATKINS between 03/22/2022 and 11/14/2023 was at least twenty-seven (27).

6.  Your Affiant also learned that WATKINS was closely associated with Darrell LANDREAU (DOB: 07/27/1981). At the time of the initial investigative events, LANDREAU was on parole administered by the Colorado Department of Corrections (CDOC) and had provided a residential address of 3485 Rebecca Lane, Unit G, Colorado Springs, CO 80917 to Parole

Officers. LANDREAU is a multi-convicted felon with felony convictions in the states of Colorado and Texas. A query of law enforcement databases shows that on 01/03/2017, LANDREAU was sentenced to ten (10) years imprisonment in the CDOC for a finding of guilt in the Fourth Judicial District of Colorado in El Paso County on charges related to identity theft.

7. Based on preliminary information, Your Affiant began conducting this investigation into suspected violations of 18 U.S.C. §§ 371, 922(a)(6), and 922(g)(1) by both WATKINS and LANDREAU.

8. On 11/11/2023, Your Affiant and S/As assigned to the ATF CSFO learned that WATKINS was attempting to purchase another firearm (a GSG, GSG-16, .22 caliber, rifle bearing serial number B167777, "Firearm #2"). WATKINS initiated this purchase on 11/11/2023 at Springs Armory, a FFL in Colorado Springs, CO, but due to a Colorado law that requires a three (3) day wait between the initiation of a firearms purchase and the transfer of the firearm(s) purchased, WATKINS could not receive the firearm until 11/14/2023.

9. On 11/14/2023, ATF S/As attempted an interdiction of Firearm #2 at Springs Armory. WATKINS never arrived at the location to take delivery of her firearm but called Springs Armory to ascertain the cost of the firearm. WATKINS had provided the phone number (719) 722-6613 on the ATF Form 4473 she completed for the attempted firearm purchase, and this is the same phone number WATKINS would later provide to investigators and use to contact investigators of the ATF CSFO.

10. On 11/14/2023, ATF S/As and Task Force Officers (TFOs) learned that CDOC Parole Officers were attempting to conduct an unannounced home visit for LANDREAU at LANDREAU's residence, 3485 Rebecca Lane, Unit G, Colorado Springs, CO 80917. Upon the Parole Officers' arrival at the residence, WATKINS denied them access to the residence for their home visit. Due to an administrative oversight, Parole Officers were declined access to the residence

based on WATKINS' assertion that she did not consent to a search of her residence and had not previously signed a fourth amendment or search waiver; ordinarily this would have been a condition which must have been met prior to LANDREAU establishing residence there while on parole.

11. On 11/14/2023, S/As and TFOs of the ATF CSFO contacted WATKINS and LANDREAU outside of their residence. ATF S/As asked WATKINS about her firearms, specifically Firearm #1 and another firearm recovered by Colorado Springs Police Department (CSPD) officers which traced back to WATKINS as the original purchaser ("Firearm #3", a Taurus, GX4. 9mm, pistol, bearing serial number 1GA90799). WATKINS had no immediate recollection of Firearm #1 and only stated that she remembered having purchased and/or possessed Firearm #1 after S/As on scene showed WATKINS a photo of what Firearm #1 looked like. Regarding Firearm #3, WATKINS stated she had sold it to an individual she identified as "J.J.".

12. LANDREAU was permitted to return to the vehicle that he and WATKINS possessed, and in which their respective children were waiting, in order to provide supervision for the children. Upon LANDREAU's return to the vehicle, ATF TFO B. Hathaway observed an open container of alcohol and a firearm in plain view and within arm's reach of LANDREAU inside the vehicle.

13. The 11/14/2023 contact of WATKINS and LANDREAU concluded after S/As and TFOs retrieved the firearm from the vehicle ("Firearm #4", a Springfield/HS Produkt, Hellcat, 9mm, pistol bearing serial number BA320166). Firearm #4 was seized from within arm's reach of LANDREAU during his interaction at the vehicle with ATF TFO Hathaway. S/As confirmed with WATKINS that she was willing to come into the ATF CSFO at a later date for continued interviewing.

14. On 11/15/2023, WATKINS arrived at the ATF CSFO and met with Your Affiant and ATF RAC Davis. WATKINS was advised of her Miranda rights and signed a Miranda rights waiver

agreeing to speak with investigators about the investigation without the presence of an attorney. WATKINS explained to investigators that her income produced approximately $2,400 take-home salary each month for the household of WATKINS, LANDREAU, and their two children. WATKINS explained that her daughter received some amount of survivor's benefits due to the daughter's biological father's service in the United States Navy. WATKINS stated that this benefit is split among three children, including her daughter. Interviewers were not aware of any lawful source of income for LANDREAU and are only now aware of what might constitute some level of income through sporadic tattooing services.

15. Interviewers reminded WATKINS that due to LANDREAU's status as a convicted felon he was prohibited from owning, possessing, purchasing, or otherwise using firearms and ammunition under federal law. Interviewers also informed WATKINS that it would be illegal for her to make firearms and ammunition available to LANDREAU for those same reasons. WATKINS asserted that she knew the rules and laws regarding firearms prohibitions and followed them closely.

16. During the interview, WATKINs used the pronoun "we" when referring to range and shooting activities. This led interviewers to believe that WATKINS and LANDREAU utilize firing range facilities together.

17. On 11/15/2023 and in the days which followed leading up to the execution of a federal premises search warrant for the residence of WATKINS and LANDREAU (SW# 23-sw-01677-NRN), Your Affiant continued to collect sales records and ATF Form 4473s related to WATKINS' purchase or possession of firearms. In total, Your Affiant contacted seventeen (17) FFLs in Colorado Springs, CO. The total firearms purchased, learned of prior to the WATKINS interview on 11/14/2023 and from the collection of sales records, was twenty-one (21) with a total amount, based on available sales receipts from various FFL locations, of approximately $8,600. These purchases occurred between 03/22/2022 and 09/27/2023.

18. Your Affiant received a complete transaction history from Douglas County Firearms – West regarding transactions completed by both WATKINS and LANDREAU. This transaction history showed that LANDREAU had checked in for, paid for, or otherwise utilized the private range facility at Douglas County Firearms – West approximately fifteen (15) times between 08/04/2022 and 11/1/2023. The name recorded on these transactions varies and includes Darrell LANDREAU, Darrell WATKINS, and Darren WATKINS. Your Affiant believes that all name variations actually indicate transactions by Darrell LANDREAU based on a description by staff at Douglas County Firearms – West of the male guest with whom WATKINS was known to utilize their private range facilities. This description matched the physical description of LANDREAU and staff at Douglas County Firearms – West made no mention of any other known guest of WATKINS.

19. On 11/15/2023, when Your Affiant requested any additional sales records from Springs Armory, where WATKINS attempted to purchase Firearm #2, Your Affiant received security video from Springs Armory. This video showed that WATKINS entered the store on 11/11/2023, selected a firearm off the display wall with the assistance of sales counter staff, left the store and returned to the vehicle she arrived in (a white Dodge Challenger bearing CO registration #CFP 029), and then reentered the store with LANDREAU. Once back at the sales counter, LANDREAU selected another firearm which is visually nearly identical to Firearm

#2. On video, LANDREAU can be seen manipulating the firearm and showing WATKINS how to manipulate the firearm despite his prohibition from possessing, owning, or using firearms or ammunition.



20. On 12/18/2023, Your Affiant, with the assistance of additional S/As and TFOs, conducted the federal premises search warrant (SW# 23-sw-01677-NRN) of LANDREAU and WATKINS' residence. LANDREAU and WATKINS arrived unannounced and of their own volition at the ATF CSFO seeking to speak with investigators about Firearm #4, which was seized on 11/14/2023. During that interview, Your Affiant presented the aforementioned search warrant to LANDREAU and WATKINS to seize their cell phones pursuant to the search warrant. The search warrant was conducted at the residence immediately following LANDREAU and WATKINS' departure from the ATF CSFO.

21. The execution of the aforementioned search warrant resulted in the recovery of multiple firearms, to include machine-gun conversion devices (MCDs) and other firearms subject to the National Firearms Act. MCDs are aftermarket parts that can be affixed to semi-automatic firearms to convert their use to function as fully automatic. Officers also recovered approximately 2,100 rounds of ammunition, multiple cell phones, and various other property sought under the warrant. Several of the firearms recovered were in a locked mechanics-style toolbox, and in the same drawer as one (1) of the handguns, with an MCD installed on it, and a two (2) other handguns, were prescription pill bottles bearing the name Darrell LANDREAU. On the kitchen table, S/As and TFOs observed and recovered two (2) MCDs adjacent to another prescription pill bottle which was observed to read Darrell LANDREAU. The two MCDs are identified in the photograph below by a blue circle.

 

22. The execution of the aforementioned search warrant resulted in the recovery of approximately seven (7) firearms from the toolbox in which LANDREAU's prescription medication bottles were observed in the photo shown above. Those firearms include: 1) a Springfield, Hellcat, 9mm pistol bearing serial number BB210804 ("Firearm #5"); 2) a Glock, 27, .40 caliber pistol bearing serial number CAKV270 ("Firearm #6") with a MCD installed on the slide. The slide for Firearm #6 depicted an additional serial number of MMR496; 3) a Canik, TP9 Elite, 9mm pistol bearing serial number 23CB10062 ("Firearm #7"); 4) a Palmetto State Armory, PA15, 5.56 caliber rifle bearing serial number SCD784640 ("Firearm #8"); 5) a Zastava, ZPA-P92, 7.62 caliber pistol bearing serial number Z92-105217 ("Firearm #9"); 6) an ATI Omni-Hybrid, multi-caliber pistol, bearing an obliterated serial number ("Firearm #10"); 7) a Chiappa (Charles Daly), Pak-9, 9mm pistol bearing serial number RON2171405 ("Firearm #11").

 





23. On 03/01/2024, Your Affiant obtained an additional federal search warrant for the contents of the cell phone belonging to WATKINS (SW # 24-sw-00312-JPO). Within the contents of the cell phone subject to the search warrant Your Affiant observed Short Message Service (SMS) messages and Multimedia Messaging Service (MMS) messages between LANDREAU and WATKINS. In these exchanges, LANDREAU is identified by the phone number known to belong to him at the time the messages were sent ((719) 722-6564) and that contact information is identified as "Babe" in WATKINS' phone. Specifically, Your Affiant observed the following messages sent between LANDREAU and WATKINS:

    a. On 04/07/2023 at approximately 12:00PM, LANDREAU's phone sent a message to WATKINS' phone which read "Just chilling bouts to go check out another gun store";

    b. On 04/10/2023 at approximately 1:13PM, LANDREAU's phone sent a message to WATKINS' phone which read "Babe what's your card info I'm only gonna get the drum for the ar14 so it will only be 149";

    c. On 04/26/2023 at approximately 4:29PM, LANDREAU's phone sent a message to WATKINS's phone which read "Babe send me the video of me shooting the zpap";

    d. On 5/4/2023 at approximately 11:45AM, LANDREAU's phone sent a message to WATKINS' phone which read "Babe after you get iffy we gotta come get a gun ok we need to please." LANDREAU sent two more messages in this exchange which read "We gonna make 500" and "It's already sold to.the Mexican." WATKINS's responses in this exchange were only "Lol" and "Kk". This is the same day that WATKINS purchased Firearm #1, which, as detailed above, was recovered in Juarez, Mexico;

    e. On 06/06/2023 at approximately 1:19PM, LANDREAU's phone sent a message to WATKINS' phone which read "Babe I told him 950 we gotta make something off of it but he said he will meet us at the shop at 2:30/3 ok if 950 we make 300 instead of 200". This is the same date on which WATKINS purchased two (2) firearms from Acme Pawn

East, a FFL in Colorado Springs, CO. Neither of those two (2) firearms have been recovered;

f.  On 06/15/2023 at approximately 10:03AM, LANDREAU's phone sent a message to WATKINS' phone which read "I know someone that wants a Draco I might have to sell him my mini AK I'm gonna be so fuckin sad but Orwell I need some mf money";

g.  On 08/24/2023 at approximately 9:48AM, LANDREAU's phone sent a message to WATKINS' phone which read "And if all else big Berthas for sale my glock for sale and my baby chopper I'll sell all of em idk babe I'm so sorry". Your Affiant, S/As, and TFO's assigned to the ATF CSFO have recovered at least one Glock pistol during the course of this investigation, but the total amount of Glock pistols purchased by WATKINS or possessed by LANDREAU remains unknown;

h.  On 09/07/2023 at approximately 1:49PM, LANDREAU's phone sent a message to WATKINS' phone which read "Babe guess what when u get off Florida found that gun I want at special sports there's two of em he's getting one so I need you to go wit me after work and go get the other one for me lol ok". On 09/07/2023, WATKINS purchased a Masterpiece Arms, MPA30, pistol bearing serial number FX43256. This firearm has not been recovered at this time;

i.  On 10/24/2023 at approximately 2:22PM, LANDREAU's phone sent a message to WATKINS' phone which read "Man that really bummed me out from now on I ant doin that shit anymore he didn't even want the draco it's because I gotta shine that bitch up and do it right this time with this new deal of gold solution watch then if I sell its going for 5 I don't give a fuck". This message was followed by a second one which read "But I'm not gonna shoot it or tote it around so it stays nice and pretty but yeah babe I'm fuckin bummed";

j. On 12/4/2023 at approximately 9:07PM, LANDREAU's phone sent a message to WATKINS' phone which read "Babe I need to barrow 100 please I'll pay you back Tomorrow please please". This message was followed by two (2) more which read "I'm buying a 25 from whiteboy I told him over and over I wanted it and now he's like I need the money or ima sell it so yeah please" and "Yeah it's a rare gun babe it's tiny and bad ass a James bond gun 007". The date of these messages indicate that LANDREAU was likely still trying to acquire more firearms approximately twenty (20) days after first contact between WATKINS, LANDREAU, and ATF S/As and TFOs on 11/14/2023.

**FUNCTIONALITY & INTERSTATE NEXUS**

24. Based on the descriptions of Firearms #5, #6, #7, #8, #9, #10, & #11 (described in paragraph 22 above), I believe that Firearms #5, #6, #7, #8, #9, #10, & #11 will or are designed to expel a projectile by the action of an explosive, and thus satisfy the federal definition of a firearm, as set forth in Title 18, United States Code, Section 921(a)(3).

25. Your Affiant provided ATF Special Agent J. Allen with a description of Firearms #5, a Springfield, Hellcat, 9mm pistol bearing serial number BB210804; #6, a Glock, 27, .40 caliber pistol bearing serial number CAKV270; #7, a Canik, TP9 Elite, 9mm pistol bearing serial number 23CB10062; #8, a Palmetto State Armory, PA15, 5.56 caliber rifle bearing serial number SCD784640; #9, a Zastava, ZPA-P92, 7.62 caliber pistol bearing serial number Z92-105217; & #10, an ATI Omni-Hybrid, multi-caliber pistol, bearing an obliterated serial number; and #11, a Charles Daly/Chiappa, Pak-9, 9mm pistol bearing serial number RON2171405. Special Agent Allen is a certified nexus examiner who has specialized training related to determining whether firearms have traveled in interstate and/or foreign commerce. In the opinion of Special Agent Allen Firearms #5, #6, #7, #8, #9, #10, & #11 described in the

preceding statements, were not manufactured in the state of Colorado and therefore must have traveled in interstate commerce before being possessed by LANDREAU.

## CRIMINAL HISTORY

26. Your Affiant conducted an investigation into LANDREAU's criminal history and determined that he has previously obtained the following felony convictions within the state of Colorado and the state of Texas dating back to 1999.

   a. On 04/22/1999, LANDREAU was convicted of a 2nd Degree Felony for Engaging in Organized Criminal Activity subsequent to an arrest by the Houston Police Department on 03/05/1999.

   b. On 01/03/2017, LANDREAU was sentenced from a conviction of Criminal Possession of a Financial Device – 2+ Devices, a Class 6 Felony, under case number 2013CR2277. LANDREAU was sentenced to one (1) year imprisonment in the Colorado Department of Corrections, concurrent with the following convictions;

   c. On 01/03/2017, LANDREAU was sentenced from a conviction of Violation of Custody-court order, a Class 5 Felony, under case number 2015CR2630. LANDREAU was sentenced to two (2) years' imprisonment in the Colorado Department of Corrections, concurrent with the preceding and following convictions;

   d. On 01/03/2017, LANDREAU was sentenced from convictions of Possession of a Forgery Device, a Class 6 Felony, Forged Instrument – Possession, a Class 6 Felony, and ID Theft – Alter/Make Written instrument, a Class 4 Felony, all under case number 2016CR1104. LANDREAU was sentenced to eighteen (18) months, eighteen (18) months, and ten (10) years' imprisonment in the Colorado Department of Corrections respectively to each conviction, concurrent with the preceding convictions.

**CONCLUSION**

27. Based on the above information, Your Affiant submits that probable cause exists to believe that on September 27, 2022, November 11, 2023, and throughout, in the State and District of Colorado, Darrell Keith LANDREAU did possess firearms and/or ammunition as a previously convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

28. I, Zachary Adams, being duly sworn according to law, depose and say under penalty of perjury that the facts stated in this foregoing affidavit are true and correct to the best of my knowledge, information, and belief.

s/ Zachary Adams_____
Zachary Adams
ATF Special Agent

Sworn to before me this __14th____ day of March, 2024.

_____
THE HON. SUSAN PROSE
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLORADO

**Affidavit reviewed and submitted by Daniel McIntyre, Assistant United States Attorney.**